IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAWANN HAYES,      )  | |
|     Petitioner,      ) | Civil Action No. 7:22cv407 |
|      ) | |
| v.      ) | |
|      ) | By:  Elizabeth K. Dillon |
| HAROLD W. CLARKE, Director,      ) |      United States District Judge |
|     Respondent.      ) | |

**OPINION AND ORDER**

Jawann Hayes, a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence in Wythe County Circuit Court for unauthorized use of a vehicle. Hayes placed his petition in the prison mailing system on July 6, 2022. On July 19, 2022, this court entered a conditional filing order advising Hayes that his petition appeared to be untimely. The order directed Hayes to respond with any additional argument or evidence on timeliness that he wished to submit within 20 days. Despite being given the opportunity to do so, Hayes has never submitted any additional evidence or argument. Having determined that the petition appeared to be untimely after preliminary review of the petition and of state court records available online, pursuant to Rule 4 of the Rules Governing § 2254 Cases, and having given Hayes notice and the opportunity to respond as required by *Hill v. Braxton*, 277 F.3d 701, 706–07 (4th Cir. 2002), the court concludes that the petition is untimely and will dismiss it *sua sponte*.

On February 7, 2019, Hayes pled guilty in Wythe County Circuit Court to unauthorized use of a vehicle under an indictment originally charging receipt of stolen goods valued greater than $500. He was sentenced that same day to five years in prison, with four and a half years

suspended for two years of supervised probation.  The final judgment order was entered February 21, 2019, and Hayes did not appeal.  Nor has he filed any state habeas petitions.  While incarcerated in the Bristol City Jail on unrelated charges,[1] Hayes filed a habeas petition in this matter in the District Court for the Eastern District of Arkansas, No. 4:21cv00610JM, postmarked July 1, 2021, which was dismissed without prejudice on September 29, 2021.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner has one year in which to file a federal habeas corpus petition.  This statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

---

[1] In December 2020, Hayes was arrested in Bristol and charged with possession of methamphetamine.  In April 2021, he was convicted and received a suspended sentence.  On May 6, 2021, the Wythe County Circuit Court issued a show cause against Hayes for probation violation in the case underlying this petition, likely due to the conviction in Bristol.  Hayes was not found for service of the show cause order.  In 2021 and 2022, Hayes was charged in Bristol for three other incidents of possessing methamphetamine and for probation violation on the April 2021 conviction.  Several subsequent show cause orders have been issued by the Wythe County Circuit Court, most recently in April 2022.

Because Hayes has provided no allegations to suggest that subsections (B), (C), or (D) apply, the statute of limitations runs from the date on which his conviction became final by the expiration of the time for seeking direct appeal.  The judgment order was entered February 21, 2019, and Hayes had 30 days to appeal that judgment to the Court of Appeals of Virginia.  Rule 5A:6, Rules of S. Ct. Va.  Thirty days fell on Saturday, March 23, 2019, extending the filing time to March 25, 2019.  On March 25, 2019, the one year limitation period began to run.  The statute of limitations expired on March 25, 2020.  Accordingly, the petition filed in Arkansas was untimely, and so is the petition pending before this court.

It is hereby **ORDERED** that Hayes' § 2254 petition is **DISMISSED** as time-barred, and this action is **STRICKEN** from the active docket of the court.

Further, finding that there has been no showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is **DENIED**.

The Clerk shall send a copy of this opinion and order to Mr. Hayes.

Entered: November 21, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge